UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRENTIS WHITE                                    CIVIL ACTION

VERSUS                                           NO: 06-8566

ENCOMPASS INSURANCE CO. OF                       SECTION: "A" (5)
AMERICA, ET AL.

**ORDER**

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Trentis White ("Plaintiff"). Defendant Encompass Insurance Co. of America opposes the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

**I.   BACKGROUND**

Plaintiff, a citizen of Louisiana, initiated this suit in state court against Encompass Insurance Co. of America ("Encompass") and Lowry Dunham Case & Vivien Insurance Agency ("Lowry"), also a Louisiana citizen.[1] Plaintiff alleges that Encompass has in bad faith refused to pay for all of his hurricane-

---

[1] Lowry's citizenship is not alleged in the petition but both parties agree that Lowry is a Louisiana citizen. (See Notice of Removal and Plaintiff's Motion to Remand).
  Plaintiff also sued AAA Contractors, a "nominee corporation." (Pet. ¶ II). For purposes of determining subject matter jurisdiction at the time of removal the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C.A. § 1441(A) (West 2006).

related damages.  Plaintiff alleges that Lowry, his insurance agent, failed to procure adequate insurance coverage for his property.

Encompass removed the suit to this Court alleging diversity jurisdiction because Plaintiff has improperly joined Lowry in order to defeat federal jurisdiction.  Encompass argues that Plaintiff cannot state a claim against Lowry under the facts alleged and that the claims against Lowry are perempted.  Plaintiff moves to remand the case.

**II.   DISCUSSION**

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. Kennedy Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar.  Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648).  However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings.  See id. at 462-63.  Rather, the court may "pierce the pleadings" and consider summary judgment-type

2

evidence.  Id. at 463 (citing Travis, 326 F.3d at 648-49).

The crux of Plaintiff's complaint against Lowry is that it did not procure adequate coverage on behalf of Plaintiff or advise Plaintiff that his coverage should be increased.  This Court has already held that Louisiana law does not impose a duty on an insurance agent to counsel an insured on policy limits.  Parker v. Lexington Insurance Co., No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).  However, Plaintiff specifically alleges that Lowry was engaged to act as his agent in retaining coverage suitable to cover the property in its entirety.  (Pet. ¶ XX).  In other words, Plaintiff alleges that Lowry undertook a duty that Louisiana law would not otherwise impose.  The Court must evaluate all contested facts in the light most favorable to Plaintiff.  In re Rodriquez, 79 F.3d 467, 469 (5th Cir. 1996).  Thus, the Court cannot conclude that Plaintiff has failed to state a claim against this in-state defendant under Louisiana law.

La. R.S. 9:5606, entitled Actions for Professional Insurance Agent Liability, provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should***

3

> ***have been discovered.*** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (West 1991 & Supp. 2006) (emphasis added). Further, subpart D of the statute provides:

> The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Id. § 5606(D). Peremption differs from prescription in that it extinguishes or destroys the legal right to which it applies. Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) (citing Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000)).

Plaintiff filed the instant suit on August 29, 2006. Plaintiff alleges that within the last year he requested specific changes to his policy but that Lowry failed to procure the requested coverage. (Pet. ¶ XVIII). Consequently, the Court cannot find conclusively that Plaintiff's claims against Lowry are perempted.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Trentis White should be and is hereby **GRANTED**. This matter is **REMANDED** to the state court from which it was removed

4

pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

February 2, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE